UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| UNITED STATES OF AMERICA | CRIMINAL NO. 03-50061 |
|---|---|
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| BABAR KHAN | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Defendant Babar Khan ("Khan") petitions for a writ of *coram nobis*. [Record Document 74]. In Khan's case, the writ may issue only if the holding of *Padilla v. Kentucky*, 559 U.S. 356 (2010), applies retroactively to cases on collateral review. Because the Supreme Court has held that *Padilla*'s holding does not, *Chaidez v. United States*, 568 U.S. 342 (2013), Khan's petition is **DENIED**.

In 2004, Khan, a Pakistani national living in the United States, pleaded guilty to one count of Trafficking in Counterfeit Goods in violation of 18 U.S.C. § 2320. [Record Documents 1 and 57]. He was sentenced to three years of supervised probation and a $1,000 fine. [Record Document 63]. Khan neither appealed nor pursued collateral review. [Record Document 74 at 2]. In 2013, the Department of Homeland Security initiated removal proceedings. [Record Document 69]. Because Khan's conviction provides grounds for his removal, he seeks to vacate his guilty plea via a writ of *coram nobis*. [Record Document 74 at 3–4]. Khan argues that his attorney's failure to warn him that a guilty plea might result in deportation deprived him of effective assistance of counsel. [*Id.* at 6–8].

1

A writ of *coram nobis* is an "extraordinary remedy," *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (citing *United States v. Morgan*, 346 U.S. 502, 512 (1954)), that may issue "only when no other remedy is available and when 'sound reasons exist[] for failure to seek appropriate earlier relief,'" *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (quoting *Morgan*, 346 U.S. at 512). Although "traditionally available only to bring before the court factual errors 'material to the validity and regularity of the legal proceeding itself,'" *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *United States v. Mayer*, 235 U.S. 55, 68 (1914)), the writ may also be sought by a petitioner who is not in custody but who faces collateral consequences of a criminal conviction, *Esogbue*, 357 F.3d at 534 (quoting *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996)). Here, Khan faces removal, a significant collateral consequence. *See Chaidez*, 568 U.S. at 352 (citing *Padilla*, 559 U.S. at 365–66). Because he is not in custody, both parties agree that a writ of *coram nobis* is the proper procedural vehicle. [Record Documents 74 at 3 and 83 at 3].

In *Padilla*, the Supreme Court held that the Sixth Amendment right to counsel includes the right of non-citizens to be advised of the possible immigration consequences of a guilty plea. 559 U.S. at 366. Khan maintains that his attorney did not advise him that by pleading guilty he risked deportation and argues that *Padilla* requires vacating his plea. [Record Document 74 at 4–6]. However, Khan pleaded guilty in 2004; *Padilla* was decided in 2010. Hence, as both parties agree, the writ can issue only if *Padilla* applies retroactively to Khan's case. [Record Documents 74 at 5–6 and 83 at 4].

Although Khan creatively argues for *Padilla*'s retroactive application, [Record Document 74 at 8–18], the Supreme Court has reached the opposite conclusion. In *Chaidez v. United States*, the Court affirmed the denial of a petition for a writ of *coram nobis* seeking to vacate a guilty plea that now exposed the petitioner to deportation. 568 U.S. at 345. To reach its decision, the Court applied the principle of *Teague v. Lane*: when the Supreme Court "announce[s] a 'new rule,' a person whose conviction is already final may not benefit from the decision in a habeas or similar proceeding." *Id.* at 347 (citing *Teague v. Lane*, 489 U.S. 288 (1989)). The Court concluded that *Padilla* had announced a new rule of criminal procedure and, as a result, did not apply to cases that were final before *Padilla* was handed down. *Id.* at 344.

Khan claims that the *Chaidez* Court "reserved the question—and directed lower courts to consider—whether *Padilla* applies retroactively in a particular subset of cases: those in which a defendant challenges a federal conviction in a properly filed first post-conviction motion." [Record Document 74 at 5]. This is a misreading of *Chaidez*. *Chaidez* did not concern whether the constitutional challenge was raised in a first or a second petition for post-conviction relief. Rather, the case concerned timing, i.e., whether a *Padilla* challenge could be raised on collateral review against a conviction that became final before *Padilla* was handed down. *Chaidez*, 568 U.S. at 344.

Khan's situation neatly mirrors Chaidez's. Like Chaidez, *id.* at 345, Khan was a non-citizen convicted of a non-violent federal offense, [Record Document 74 at 2]. Like Chaidez, *Chaidez*, 568 U.S. at 345, he pleaded guilty and was sentenced to probation, [Record Document

3

74 at 2]. Like Chaidez, *see United States v. Chaidez*, No. 03 CR 636-6, 2010 WL 2740282, at *1 (N.D. Ill. July 8, 2010), he never challenged his sentence on either direct or collateral review, [Record Document 74 at 2]. Like Chaidez, *Chaidez*, 568 U.S. at 345, he was placed in removal proceedings at some point after he had completed his term of probation, [Record Document 74 at 1]. Like Chaidez, *Chaidez*, 568 U.S. at 345, he petitioned for a writ of *coram nobis* on grounds that his attorney did not alert him to the immigration consequences of his guilty plea, [Record Document 74 at 3–4]. Because the Supreme Court determined that Chaidez could not use a writ of *coram nobis* to avail herself of the holding of *Padilla*, *Chaidez*, 568 U.S. at 344, 358, this Court feels constrained to reach the same conclusion in Khan's factually identical case. The petition for a writ of *coram nobis* [Record Document 74] is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 14th day of March, 2019.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE